# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENJAMIN D. WOODS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>**Commissioner of the Social Security** )<br>**Administration,** )<br>)<br>Defendant. ) | Case No. CIV-05-162-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Benjamin D. Woods requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on June 14, 1962, and was 42 years old at the time of the administrative hearing. He has a ninth grade education and previously worked as a machine operator. The claimant alleges he has been unable to work since September 15, 2000, because of status post back surgery and borderline intellectual functioning.

## Procedural History

On February 3, 2003, the claimant filed an application for disability benefits under Title II (42 U.S.C. § 401 *et seq.*) and an application for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq.*). Both applications were denied. After a hearing on July 1, 2004, ALJ Larry Weber found the claimant was not disabled in a decision dated August 31, 2004. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant had a residual functional capacity ("RFC") to lift and/or carry a maximum of ten pounds and five pounds frequently; stand and/or walk one hour at one time and two hours out of an eight-hour workday; and sit for two to three hours at one time and six hours out of an eight-hour workday. The claimant was able to perform non-complex, non-detailed simple,

unskilled mental tasks (Tr. 28). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, nut sorter, watch band attacher, and suture winder (Tr. 29-30).

## Review

The claimant's sole contention is that the ALJ erred by failing to include all of his mental and physical limitations in the RFC determination. He argues that the ALJ ignored portions of a report from consulting psychologist Dr. Ronald W. Anderson, Ph.D., and failed to discuss the opinion of agency psychologist Dr. Jim Cox, Ph.D., in determining his mental limitations. The undersigned Magistrate Judge finds this argument persuasive.

The record reveals that in August 2001 the claimant was examined by consulting psychologist Dr. Anderson. Examination revealed that the claimant was limited intellectually and educationally, could not read well enough to do written exams, worked at a slow pace and in a hit or miss fashion, and sometimes did not respond to questions. The claimant, however, could follow verbal directions adequately. Intelligence testing revealed functioning in the borderline range of intelligence. Dr. Anderson noted that the claimant's attention span/rote memory and long-term memory skills were poor and that he would need extra time to learn job duties and a patient employer. He recommended a job that was routine and repetitive with very clear limits and expectations. Dr. Anderson indicated the claimant might make poor decisions if under stress, but he thought the claimant was capable of adequately making routine, daily decisions. The claimant's practical manipulation skill was in the

average range, but his speed with his hands was slow, making a job stressing speed and production problematic for him. His reading and spelling skills were very limited, with both at the first grade level. His math skills were at the third grade level; he could perform simple addition, subtraction, and multiplication problems. Dr. Anderson concluded that the claimant needed a job where he could work with his hands and a vocational training program where he could learn through hands-on experiences. The claimant needed a patient employer or trainer, and in some job settings, a job coach would benefit the claimant (Tr. 130-33).

Shortly after Dr. Anderson's examination of the claimant, Dr. Cox, a nonexamining agency physician, reviewed the medical evidence and completed a Psychiatric Review Technique ("PRT") form and an RFC assessment of the claimant's mental abilities. On the PRT form, Dr. Cox concluded the claimant had borderline intellectual functioning resulting in mild limitations in activities of daily living and social functioning and moderate limitations in maintaining concentration, persistence, or pace. The claimant had no episodes of decompensation of extended duration (Tr. 134-47). In assessing the claimant's mental limitations, Dr. Cox found the claimant markedly limited in his ability to understand, remember, and carry out detailed instructions. Additionally, he found the claimant was moderately limited in his ability to remember locations and work-like procedures; understand, remember, and carry out very short and simple instructions; maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance, and be punctual within customary tolerances; complete a normal work-day and workweek without interruptions from psychologically based symptoms and to

perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; and respond appropriately to changes in the work setting (Tr. 148-51). The conclusions reached by Dr. Cox were reviewed and affirmed by another psychologist, Dr. Margaret Gardner, Ph.D., in October 2001 (Tr. 134, 150).

The ALJ discussed Dr. Anderson's findings that the claimant had poor reading and math skills and that he suffered with learning disorders and borderline intellectual functioning. He also cited Dr. Anderson's opinion that the claimant worked at a slow pace and in a hit or miss fashion to support his own conclusion that the claimant was moderately limited in maintaining concentration, persistence or pace (Tr. 27). However, the ALJ made no mention of Dr. Anderson's findings that the claimant would likely benefit from a job coach, needed extra time to learn job duties, and needed a patient employer. Thus, the ALJ discussed only those portions of Dr. Anderson's report that supported his finding of disability, but ignored those portions that did not. This he may not do. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (finding that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). *See also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (the ALJ "must [also] discuss the uncontroverted evidence he chooses

not to rely upon, as well as significantly probative evidence that he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Further, the ALJ failed to discuss Dr. Cox's findings in determining the claimant's mental RFC. Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *4. Although the ALJ is not bound by a state agency physician's determination, he must explain the weight given to the opinion in the decision and may not simply ignore it. *Id*. at 2. *See also Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, *see* 20 C.F.R. §[§] 404.1527(d), [416.927(d)], although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional.") [emphasis added].

Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis of the above-mentioned evidence. If this analysis alters the claimant's mental RFC, the ALJ should then consider what impact, if any, this has on the claimant's disability determination.

**Conclusion**

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the

Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 26th day of January, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**